# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

| | | |
|---|---|---|
| VALERIE E. STEELE,<br>  Petitioner, | §<br>§<br>§ | |
| V. | § | A-06-CV-113-SS |
| | § | |
| DOUG DRETKE, Director, Texas Dept. of<br>Criminal Justice-Correctional<br>Institutions Division,<br>  Respondent. | §<br>§<br>§<br>§ | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 6); and Petitioner's responses thereto (Documents 9 and 10 ). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed in part as time-barred and denied in part.

## STATEMENT OF THE CASE

### A. Petitioner's Criminal History

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 331st District Court of Travis County, Texas, in cause number 3013387, The State of Texas v. Valerie Steele. Ex parte Steele, Appl. No. 63,048-01 at 13. Petitioner entered a plea of guilty to the charge of attempt to obtain a controlled substance by fraud in exchange for a plea bargain agreement of four years deferred adjudication probation. Id. at 7-10. The court found her guilty and accepted the plea bargain on November 1, 2002. Id. at 12-13. On July 11, 2003, the court revoked Petitioner's deferred adjudication probation and sentenced her to seven years in prison. Id. at 24-29.

Petitioner admits she did not appeal her conviction. She did, however, challenge her conviction in a state application for habeas corpus relief on June 30, 2004. Id. at 39. The Texas Court of Criminal Appeals denied Petitioner's application on January 25, 2006, without written order on the findings of the trial court without a hearing. Id. at cover. Petitioner then filed this petition on February 10, 2006.

### B. Petitioner's Grounds for Relief

Petitioner raises the following grounds for relief:

1. The State obtained her conviction by an involuntary guilty plea when she was placed on probation in November of 2002;

2. She was denied effective assistance of counsel when her attorney advised her that she could appeal the revocation of her deferred adjudication probation and refused to file an appeal after she requested that he do so;

3. She was denied the right to appeal the revocation of her deferred adjudication probation; and

    4.    The State obtained her conviction through the unconstitutional failure of the prosecution to disclose evidence favorable to Petitioner.

**C.    Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted her second, third and fourth claims as listed above. However, Respondent does contest that Petitioner has exhausted her first claim, regarding the involuntary guilty plea. The failure to exhaust the first claim is immaterial, as that claim is time-barred as discussed below.

## DISCUSSION AND ANALYSIS

**A.    The Antiterrorism and Effective Death Penalty Act of 1996: Statute of Limitation**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.      Application**

The one-year period of limitation starts to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). On November 1, 2002, Petitioner's guilty plea in cause number 3013387 was accepted by the court. Ex parte Steele, Appl. No. 63,048-01 at 13. The Fifth Circuit recently held that a state court order of deferred adjudication community supervision or straight probation was a final judgment for purposes of triggering the federal habeas limitations period. Caldwell v. Dretke, 429 F.3d 521, 527-28 (5th Cir. 2005). The Fifth Circuit found that when a petitioner did not seek review of the deferred adjudication order, the judgment of deferred adjudication became final by the conclusion of direct review or the expiration of time for seeking such review. Id. at 529. Petitioner admits she did not seek review of the deferred adjudication order. Therefore, Petitioner's deferred adjudication judgment became final on December 2, 2002, after the thirty-day period during which she could have filed a notice of appeal. TEX. R. APP. P. 26.2(a)(1). Petitioner's claim regarding the involuntary plea, to be timely, must have been filed on or before December 2, 2003. However, Petitioner did not raise this claim until February 10, 2006.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period with regard to her first claim. Furthermore, Petitioner has not shown that she did not know the factual predicate of her claim earlier. Finally, the claim does not concern a constitutional right recognized by the Supreme Court

Case 1:06-cv-00113-SS Document 15 Filed 06/01/06 Page 5 of 11

within the last year and made retroactive to cases on collateral review. Therefore, Petitioner's first claim is time-barred.

**C.      Standard of Review**

Petitioner's application with respect to her remaining claims is timely and is governed by the AEDPA. The AEDPA radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court

5

identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**D.      Ineffective Assistance of Counsel**

In her second ground for relief, Petitioner argues she was denied effective assistance of counsel. Petitioner raised this same issue in her state application for writ of habeas corpus. The state courts rejected the merits of Petitioner's claim. As such, the AEDPA limits the scope of this Court's review to determining whether the adjudication of Petitioner's claim by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This

> requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689, 104 S. Ct. 2064-65. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97, 104 S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 104 S. Ct. at 2064.

Petitioner argues she was denied effective assistance of counsel at her deferred adjudication hearing when her attorney advised her that she could appeal the revocation of her deferred adjudication. She further claims her attorney refused to file an appeal after she requested that he do so.

> requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689, 104 S. Ct. 2064-65. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97, 104 S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 104 S. Ct. at 2064.

Petitioner argues she was denied effective assistance of counsel at her deferred adjudication hearing when her attorney advised her that she could appeal the revocation of her deferred adjudication. She further claims her attorney refused to file an appeal after she requested that he do so.

On state habeas review counsel provided his affidavit in which he admits he incorrectly advised Petitioner that she could appeal the revocation of her deferred adjudication. Ex parte Steele, Appl. No. 63,048-01 at 42. However, he states the incorrect advice did not affect Petitioner's decision to go to a hearing, because the advice was given after the hearing had already begun. Id. The state trial court issued detailed findings of fact and conclusions of law in which the court found that counsel's advice did not affect Petitioner's decision to have a hearing. Id. at 55. The trial court also noted it informed Petitioner during the hearing she had no right to appeal the trial court's determination to proceed to an adjudication of guilt. Id.

To the extent Strickland applies to the revocation of probation or deferred adjudication, Petitioner has failed to demonstrate how she was prejudiced by counsel's incorrect advice. Petitioner did not rely on the advice to her detriment. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that she received ineffective assistance of trial counsel.

**E.     Denial of Right to Appeal**

In her third ground for relief, Petitioner argues she was denied the right to appeal the revocation of her deferred adjudication probation. Upon conducting an independent review of the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Texas law simply does not allow an appeal from a trial court's determination to proceed to an adjudication of guilt after deferred adjudication community supervision is imposed. TEX. CODE CRIM.

PROC. Art. 42.12, §5(b); See also Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (stating that when a legislative enactment says a defendant may not appeal a determination to adjudicate, there is no right to do so); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992) (stating that the court has held from the beginning of deferred adjudication practice that the legislature meant what it said in Article 42.12 §5(b), and neither the legislature nor the court has changed that prohibition [that no appeal may be taken]). Accordingly, Petitioner's claim does not warrant federal habeas relief.

### F.   Failure of Prosecution to Disclose Favorable Evidence

In her fourth ground for relief, Petitioner argues the State obtained her conviction through the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant. Petitioner raised this same issue in her state application for writ of habeas corpus. Specifically, she claims she knew about alleged criminal activity of the trial judges' son, the judge knew she had reported his son for those crimes and the judge retaliated against her by revoking her probation.

In Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), the Court held the suppression by the prosecution of evidence favorable to an accused after a request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. To establish a Brady violation, Petitioner must prove (1) the prosecutor suppressed or withheld evidence (2) which was favorable and (3) material to the defense. Id. at 87, 83 S. Ct. at 1196-97; Allridge v. Scott, 41 F.3d 213, 217 (5th Cir. 1994), cert. denied, 514 U.S. 1108, 115 S. Ct. 1959 (1995). The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. United States v. Bagley, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383 (1985). A "reasonable probability" is a

9

probability sufficient to undermine confidence in the outcome of the trial. Id. Brady encompasses evidence that may be used to impeach a witness's credibility. Id. at 676, 105 S. Ct. at 3380. There is no Brady violation if the defendant, using due diligence, could have obtained the information. Williams v. Scott, 35 F.3d 159, 163 (5th Cir. 1994), cert, denied, 513 U.S. 1137, 115 S. Ct. 959 (1995) (citing United States v. Ramirez, 810 F.2d 1338, 1343 (5th Cir.), cert. denied, 484 U.S. 844, 108 S. Ct. 136 (1987)).

The state trial court addressed Petitioner's claim on habeas review. The trial court specifically found, during the trial of Petitioner's case, the trial judge had no knowledge that Petitioner possessed, or claimed to possess, any information relating to felonious acts allegedly performed by his son. Ex parte Steele, Appl. No. 63,048-01 at 54. The trial court further found it was unaware of any potential conflict of interest in this case. Id. The trial court further found that Petitioner failed to specify any evidence that the prosecution had a duty to disclose to Petitioner. Id. The court explained Petitioner did not allege the State, or any agent thereof, had any knowledge that Petitioner possessed or claimed to possess information relating to felonious acts allegedly performed by the trial judge's son. Id. at 54-55. Petitioner fails to rebut the state habeas court's factual findings with any credible evidence.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's Brady claim.

**RECOMMENDATION**

It is recommended that Petitioner's claim regarding an involuntary guilty plea be dismissed with prejudice as time-barred and Petitioner's remaining claims for habeas corpus relief be denied.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 1st day of June, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE